MONROE, C. J.
The three defendants have appealed from a conviction and sentence upon a charge of robbing one J. H. *207 Robertson of clothing, watch, etc., and' present their case upon the following bills of exception:
[1] 1. To the ruling of the court admitting certain testimony, objected to by defendants on the ground that evidence to build up the credibility of a witness, whose credibility has not been attacked, is not rebuttal evidence, and is incompetent.;
It appears from the statement per curiam that defendants testified that the prosecuting witness had attempted to induce them to participate in an abominable crime, and that the district attorney thought proper to meet the attack by evidence tending to show that the prosecuting witness was a “hard-working, God-fearing, law-abiding man.”
The objection was frivolous, and was properly overruled. Whart. Cr. Ev. (9th Ed.) par. 491; State v. Redmond, 37 La. Ann. 774; State v. Pullen, 130 La. 253, 57 South. 906; 40 Cyc. 2244, 2643; State v. Sperituas, 191 Mo. 24, 90 S. W. 459.
2. A second bill was reserved to similar ruling.
3, 4, and 5. To the rulings of the court upon their objections to the following utterances by the district attorney in his opening and closing addresses to the jury, to wit:
“Where did he (referring to the prosecuting witness) come from. He did not come from the slums of Chicago, as did this man (referring to one of the accused).”
sb * * * i'fi *
“He [Robertson] came here on a peaceful mission, to be assaulted by these ruffians and criminals.
* * >1: $ &
“These men, to save their filthy hides, make this charge against him.”
It is stated in the first of the three bills thus mentioned that there was no evidence that the accused came from the “slums” of Chicago, but that two of them came from that city. The judge says:
“The district attorney, in his argument, stressed the fact that such depth of human depravity as was testified to by the defendants was not to be found among hard-working, industrious, and honest men, especially men whose lives had been spent in the country and small country villages, but that such characters were bred in the slums of great cities, especially Chicago. He referred to the high esteem in which the prosecuting witness was held by his neighbors and acquaintances, and, while facing the jury, he uttered the words quoted in the bill; but he uttered them without direct reference to any one of the accused.”
Referring to the remarks recited in the next bill, the judge says:
“The district attorney was reviewing the testimony of the prosecuting witness. He pictured the assault behind the levee at midnight, the scene behind the levee, the robbery, the expressed intention of the assailants to make away with the body, and the struggle which followed. In this connection, and without turning towards the accused, he uttered the words: ‘He came on a peaceful mission to be assaulted by these ruffians and criminals.’ ”
The statement on the third bill is:
“Whether the accused wore clean or filthy is immaterial, and does not affect the question of guilt or innocence.”
We have held that:
“The prosecuting officer has the right to sum up the facts as he conceives them to have been established by the evidence, and, in so doing, necessarily gives his opinion of the value and effect of the evidence. He has no right to go outside, and bring in matters upon which the evidence has no bearing; nor has he the right to express an opinion, except as based upon the evidence, but he is not required to interrupt himself constantly, in order to assure the jury that he is offering no other opinion. State v. Thomas, 141 La. 560, 75 South. 241.
“The prosecuting officer has the right to press upon the jury any view of the case arising out of the evidence.” State v. Johnson & Butler, 48 La. Ann. 89, 19 South. 213.
[2] It is conceded that, according to the testimony in this case, two of the defendants hailed from Chicago, and it may very well be that, taking the testimony as a whole, it authorized the deduction that they came from the slums of that city. At all events, that appears to have been the opinion of the district attorney, and, as we did not hear the testimony, we are in no position to say that he was in error; nor would it affect the question here at issue if another person who heard all the testimony differed with the *209 district attorney, and considered his deductions unauthorized, since it is his privilege, and his duty, to submit his own deductions, and he is not required to submit those which the defendant or some one else might draw. What is required of him is that he shall, in good faith, base his argument, his deductions and conclusions, upon the evidence adduced; and whether he has done so or not is to be determined primarily by the trial judge, whose rulings are also final, unless, by producing all the evidence, the defendant puts this court in a position to review them.
In the instant case, it is quite evident that the trial judge was of the opinion that the remarks complained of were authorized by the evidence, and the transcript furnishes us no basis upon which to reach a different opinion.
The conviction and sentence appealed from are therefore
Affirmed.
O’NIELL and LECHE, JJ., take no part.