(86 South. 912)

No. 24352.

## STATE v. BROWN.

(Jan. 3, 1921.)

*(Syllabus by Editorial Staff.)*

Criminal law ⬉723(5), 730(14) — Remarks of district attorney held appeal to race prejudice, and not cured by cautioning attorney.

A remark to the jury in a prosecution of a colored woman for murder: "It is high time to put a stop to these murders by negro women, by hanging some of them. You gentlemen know that every jury term of this court we have one or more negro women up here for murder," etc.—*held* an appeal to the prejudices of a jury composed of white men, and prejudicial to the defendant, although the court cautioned the district attorney to keep within the record.

Provosty, J., dissenting.

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Prentiss B. Carter, Judge.

Helen Brown was convicted of murder, and appeals. Judgment reversed, and case remanded to district court.

Gordon W. Goodbee, of Franklinton, for appellant.

A. V. Coco, Atty. Gen., and J. Vol Brock, Dist. Atty., of Franklinton (T. S. Walmsley, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendant appeals from a verdict of guilty and sentence of death for murder, and rests her claim for a reversal of the judgment on certain remarks made by the district attorney in the course of his address to the jury on the ground that they were highly prejudicial to her, and that they were an appeal to race prejudice. Defendant is a colored woman, and was convicted of having killed another colored woman before a jury composed of white men. The remarks of the district attorney complained of are as follows:

"Gentlemen of the jury, it is high time to put a stop to these murders by negro women, by hanging some of them. You gentlemen know that every jury term of this court we have one or more negro women up here for murder, and the only way to put a stop to it is to bring in a verdict of guilty as charged and have a hanging. In my whole experience as district attorney for the past eight years, I have never prosecuted a clearer case of willful murder than this one."

When objection was made on behalf of the defendant to the foregoing remarks, the judge did not direct the jury to disregard any portion of those remarks. He says in his per curiam to the bill that he cautioned the district attorney to keep within the record and state nothing that he could not draw as an inference from the testimony. And in charging the jury he instructed them to confine themselves strictly to the evidence heard upon the trial of the case and upon the law as given them by the court, and not to allow any outside influence to enter into their consideration in making up their verdict.

The remarks of the district attorney had clear reference to other matters than those in the record in this case; and it was an appeal to the prejudices of a jury composed of white men against the negro race. The caution to the district attorney to keep within the record was not sufficient to do away with the effect which the remarks called forth; and they must have been harmful in their effects to the cause of the defendant.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to the district court, to be proceeded with in accordance with law.

PROVOSTY, J., dissents.