182 So. 321

**STATE v. TULLOS.**

No. 34813.

May 30, 1938.

Robert H. Wimberly, of Arcadia, and Ben F. Roberts, of Shreveport, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and James U. Galloway, Dist. Atty., and Nash Johnson, Asst. Dist. Atty., both of Shreveport, for the State.

FOURNET, Justice.

The defendant, E. Tullos, having been convicted of larceny of property valued at $239, prosecutes this appeal from his conviction and sentence, and relies for the reversal thereof upon seven alleged errors made by the trial judge during the course of his trial, to which timely objections were made and bills of exceptions reserved thereto.

The first assignment of error is incorporated in a bill of exception reserved to the refusal of the trial judge to have the opening statement of the district attorney taken in shorthand or written out.

■ Under the provisions of Article 333 of the Code of Criminal Procedure, it is the mandatory duty of the district attorney to make an opening statement to the jury "explaining the nature of the charge and the evidence by which he expects to establish the same * * *."

State v. Ducre, 173 La. 438, 137 So. 745, on rehearing. "The scope and extent of the * * * statement is within the control of the trial judge in the exercise of a wise discretion, and a conviction will not be set aside for error therein unless the right of defendant was plainly violated." State v. Nahoun, 172 So. 83, 133 So. 370. See, also, State v. Ricks, 170 La. 507, 128 So. 293; State v. McKee, 170 La. 630, 128 So. 658.

■ In the instant case, the defendant does not complain about any particular portion of the opening statement, nor does he point out in what respect he has been injured or prejudiced by the ruling of the trial judge. His sole complaint is that the trial judge refused to have the opening statement of the district attorney written out as requested. We know of no law which gives the defendant the right to have the district attorney's opening statement reduced to writing and none has been cited. We therefore conclude that the bill is without merit.

Bills of exceptions Nos. 2, 3, 4, and 5 relate to evidence with reference to the value of the property which the defendant is charged with having stolen, i. e., 174 casing protectors and one Haliburton Plug Retaining Cement Head, of the value of $102 and $137, respectively. It appears from the record that the defendant sought to have the value of the stolen property fixed so as to reduce the crime from grand larceny to petit larceny, and objected to a question asked two witnesses for the State as to the value of the 174 casing protectors unless "the evidence was restricted

to the value of the casing protectors at the time they were alleged to have been taken," and also objected to a question asked him by the district attorney while under cross-examination as to what he sold the casing protectors for delivered at Kilgore, Texas. He further objected to a witness for the State testifying as to the value of the Haliburton Plug Retaining Head, "unless the evidence was limited to the cost of the manufacture of the article." The objections were overruled and form the basis of Bills Nos. 2, 3, 4, and 5.

■ It is the theory of counsel for defendant that the evidence shows that the casing protectors involved had served the purpose for which they were purchased and that their value, after having been used, was $25.00 per ton which would fix the value thereof at $8.70. The trial judge, in his per curiam, which must be accepted as true in the absence of any attached evidence to the bill to show the contrary, stated that the casing protectors are made for the purpose of protecting threads on drill pipes and come in sets; that in the instant case, the alleged owner of the pipe testified that new pipe, together with the casing protectors, had been bought for a certain well; that the cost of the protectors was included in the price of the pipe but that the cost thereof, as included in the pipe, was $102.00; that as soon as the pipes were placed in the well for which they were purchased, the protectors were removed therefrom and could be used from time to time until the threads were worn and could then be re-threaded and used again; and that the protectors, separate from the pipe, are worth $1.17 per set. With reference to the Haliburton Plug Retaining Cement Head, the trial judge, in his per curiam, stated that it was a manufactured article or machine which was not for sale on the market but used by the manufacturer; that the manufacturer maintains offices in different localities for the purpose of operating this machinery and the manager of the local office is charged and made accountable for the machine, the price of which is fixed at $137.00; that the main part thereof never wears out, although certain valves thereon do and are replaced; that the valves in the machine in the instant case had just been replaced, which cost in excess of $60, and the machine with the new valves was as good as new, and ruled that the value of the machine or the cost thereof to the one in possession of the same, if not properly accounted for, was the proper value to be placed thereon and not what it would cost to manufacture the article.

■ We conclude that the evidence, in view of the facts of the case, was competent and admissible to establish the value of the stolen articles and therefore bills of exceptions Nos. 2, 3, 4, and 5 are without merit.

The next assignment of error is leveled at the refusal of the trial judge to instruct the jury to disregard a statement of the district attorney in his closing argument to them that "there is too much stealing going on and it must be stopped, we don't want to be compromising this case because there has been too much compromising in these stealing cases," and, for the reversal

thereof, he relies on the case of State v. Brown, 148 La. 357, 86 So. 912.

■■ "A prosecuting officer is required to base his argument and his deductions and conclusions, upon the evidence adduced * * *" (State v. Conners, 142 La. 206, 76 So. 611), but "remarks made by him argumentatively furnish no ground for setting aside the verdict (State v. Accardo, 129 La. 666, 56 So. 631; State v. Romero, 117 La. 1003, 42 So. 482). He should always be careful not to go beyond proper limits, and not to take positions in argument that are not sustained by the testimony; *but he is, within reasonable bounds, permitted to argue the case with some degree of freedom to the extent necessary in presenting the cause, and not every word uttered in the heat of argument can be taken as prejudicial.*" (State v. Johnson, 119 La. 130, 43 So. 981). Marr's Criminal Jurisprudence of Louisiana, Second Edition, Volume 2, sec. 656, p. 1002. (Brackets and italics ours.)

In the case of State v. Brown, supra, (page 913), the language of the district attorney complained of "was an appeal to the prejudices of a jury composed of white men against the negro race," and therefore is in no way comparable to the statement complained of here.

■ Counsel for defendant did not point out in what manner the statement has prejudiced the rights of the accused other than the fact that the trial judge refused to instruct the jury to disregard the statement, and that as a result thereof, the jury could draw but one impression and that is "that they should consider the remark of the district attorney." The remark complained of, in our opinion, is argumentative only and could not have prejudiced the jury in any manner, particularly when, immediately upon the defendant's objection to the remark, the district attorney stated to the jury that he did not want them to render a verdict on what he had to say but to consider only the evidence produced in the court. The statement complained of, as qualified by the district attorney, was simply a request to the jury not to compromise this case but to decide according to the law and the evidence. Bill of exception No. 6 is therefore without merit.

■ The last bill of exception was reserved to the overruling of defendant's motion for a new trial based upon bills of exceptions Nos. 1 to 6, inclusive, which we have already concluded are without merit, and on the additional ground that the verdict was contrary to the law and the evidence, which we have repeatedly held presents nothing for us to review.

For the reasons assigned, the verdict and sentence are affirmed.