FOURNET, Justice.
 

 The defendant, O. B. Shuff, having been convicted of the larceny of one heifer, prosecutes this appeal from his conviction
 
 *72
 
 and sentence, relying for the reversal thereof on seven bills of exception, the last having been reserved to the ruling of the trial judge refusing to grant him a new trial. The motion for a new trial was based solely “upon the ground that the verdict of the Jury is contrary to the law and the evidence,” which allegation this court has consistently held presents nothing for review.
 

 The assistant district attorney in making his opening statement to the jury declared, among other things, that “the defendant admitted, in a braggadocio manner, that he took the heifer he was charged with stealing, and that this admission was made to ■Deputy Sheriff Rene Fuselier.” While the defendant’s counsel was making his opening statement to the jury he stated, in effect, that the defendant did admit having possession of the animal to the deputy sheriff hut that all of the defendant’s actions leading up to the time he had possession of the heifer and subsequent thereto were “open and above board” and, therefore, tended to offset the impression given by the assistant district attorney and negatived that the taking of the heifer was larceny. Continuing he stated that the “defendant was first charged by the State, in a bill of information, with killing the animal with intent to steal, but, that this charge was 'changed to the present charge; and that the change was made after counsel for the defendant furnished the State with the facts and information, in Open Court, at the time the defendant was first called into Court to stand trial under the first charge. That among the information furnished that State by counsel for the defendant was that the defendant actually got the heifer and sold the meat, and that the State accepted this information and acted upon it and immediately changed the charge to the present one, and immediately arraigned the defendant and fixed his case for trial for February 24, 1941.” He further stated to-the jury “that it was intended to prove that the heifer that defendant was charged with stealing had been mortgaged by the complaining witness (the alleged owner of the heifer) and that when the owner, who sold the heifer to the defendant,' found out that he could be prosecuted for selling mortgaged chattels, refused to admit that he sold the heifer to the defendant.”
 

 The assistant district attorney interrupted defendant’s counsel during the course of this statement and objected to the trend of his remarks, which objection was sustained by the trial court and the defendant’s first bill of exception reserved to this, ruling.
 

 The trial judge in his per curiam to this bill of exception explained his reason for maintaining the objection to be that counsel for the defendant did not confine himself in his statement to facts which might be proved by admissible evidence; that the-statements made by the defendant after his arrest were self-serving and inadmissible as evidence and that his counsel’s-statements and explanations to the jury in his opening statement amounted to .arguing the case before the jury rather than to merely stating the facts that he' intended to prove during the trial of the case.
 

 
 *74
 
 It is the mandatory duty of the district attorney or his assistant to make an opening statement to the jury in all cases triable by a jury, explaining to them the nature of the charge against the accused and the “evidence by which he expects to establish the same,” but it is optional with the defendant’s counsel as to whether he will make an opening statement “explaining the defense and the evidence by which he expects to prove the same.” Article 333 of the Code of Criminal Procedure. As declared in the case of State v. Nahoum, 172 La. 83, 133 So.370, 374,
 
 "The scope and extent of the
 
 * * *
 
 statement is within the control of the trial fudge in the exercise of a wise discretion, and a conviction will not he set aside for error therein unless the rights of a defendant were plainly
 
 violated(Italics ours.) See, also, State v. Tullos, 190 La. 184, 182 So. 321; and State v. Sharbino, 194 La. 709, 194 So. 756.
 

 • [3] There is nothing in the record to show that the defendant was not allowed to introduce all of the testimony available to him on the trial of this case and as referred to in his opening statement, or that he was deprived of the right to argue therefrom the deductions sought to be brought to the attention of the jury during the opening statement. We cannot say, therefore, that the trial judge’ abused the discretion given him or'that the defendant was in any way prejudiced by his ruling.
 

 The issues raised in Bills of Exception Nos. 2, 3, 4, and 5 have been clearly stated and properly disposed of by the trial judge in his per curiams, as follows:
 

 “Bill of Exception No. 2 is directed at the ruling of the Court in overruling the objection to a question which counsel for the defendant maintains was leading. This question was part of a rather lengthy examination of the witness, and in the opinion of the Court was not leading, since the question clearly referred to a statement which had been made by the witness in answer to a previous question.”
 

 “Bill of Exception No. 3 was reserved to the Court’s ruling in permitting the witness Kingrey to testify that although he had a chattel mortgage on the particular animal stolen in this case, he did have an understanding with the prosecuting witness that he could sell the mortgaged cattle as he needed to sell them, or in order to keep up his herd. The defendant’s objection that the terms of the chattel mortgage are the best evidence’ and cannot be varied by oral testimony clearly has no place here, for the reason that the parties to the chattel mortgage could make any agreément they desired between themselves, as was done in this case.”
 

 “Bill of Exception No. 4 was taken to the Court’s ruling in excluding testimony to show that at another time and place the defendant bought a cow and did not pay the full price for the same, but made a small deposit and paid for the cow later, as the defendant claimed he had done in this case. In the opinion of the. Court the fact that the defendant had at some other time had a business transaction such as he attempted to describe could in no way affect this particular case.”
 

 
 *76
 
 “Bill of Exception No. 5 presents the same proposition as Bill of Exception No. 4, and the ruling was made for the same reasons.”
 

 Bill of Exception No. 6 is levelled at the court’s overruling of defendant’s objection to a statement made by the assistant district attorney during the course of his closing argument to the jury and his refusal to instruct the jury to disregard' the same, the statement objected to being, “There has been cattle stealing going on in that commnuity for quite a while, for years.”
 

 The trial judge in his per curiam declared that he refused to instruct the jury to disregard the assistant district attorney’s argument “for the reason that it would have placed the Court in the position of commenting upon the evidence that had been introduced in the case. The jury was instructed, however, to disregard any arguments that were not relevant from the evidence, and the Assistant District Attorney was instructed to confine himself to the evidence in the record, and his logical conclusions that might be drawn therefrom.” ■
 
 t
 

 “A prosecuting officer is required to base his argument and his deductions and conclusions * * * upon the evidence adduced * * State v. Conners, 142 La. 206, 76 So. 611. “The district attorney should always be careful not to go beyond proper limits, and not to take positions in argument that are not sustained by the testimony; but he is within reasonable bounds permitted to argue the case with some degree of freedom, to the extent necessary in presenting the cause.” State v. Johnson, 119 La. 130, 43 So. 981, 982. See, also, Marr’s Criminal Jurisprudence in Louisiana, Second Edition, Vol. 2, Section 656, p. 1002; and State v. Tullos, 190 La. 184, 182 So. 321.
 

 We find no error in the trial judge’s ruling.
 

 The last bill of exception, as previously stated, was reserved to the ruling of the trial judge overruling defendant’s motion for a new trial based solely on the allegation that “the verdict of the Jury is contrary to the law and the evidence,” which presents 'nothing for this court to review.
 

 For the reasons assigned, the verdict and sentence appealed from are affirmed.
 

 O’NIELL, 'C. J., dissents.