HIGGINS, Justice.
 

 The accused was indicted for the crime of aggravated rape. The jury returned a verdict of “guilty without capital punishment”. A motion for a new trial was filed on the ground that the verdict was contrary to the law and evidence and it was overruled. The defendant was sentenced to life imprisonment in the state penitentiary. He appealed and relies upon nine bills of exception for the annulment of the verdict and the sentence.
 

 Bill of exception No. 1 was reserved to the trial judge’s ruling in refusing to instruct the jury to disregard all of that part of the district attorney’s opening statement except from the time that the prosecuting witness entered the defendant’s taxi cab and the subsequent attack upon her therein by the defendant.
 

 The district attorney, in his opening statement, informed the jury that the State would prove that the victim was a 42 year old widow and a school teacher at Bell City High School, 35 miles 'from Lake Charles; that she went to Lake Charles and registered in a hotel, in order to spend
 
 *747
 
 the' weekend..' with her minor son, who was attending a private school near that city; and that she was a person of good morals and did not overindulge in the use of intoxicating liquors. Upon the objection of the defendant’s attorney to this part of the statement as immaterial and irrelevant, the court sustained the objection and instructed the district attorney to' confine himself to relevant matters. The same objection was made to a similar statement by the district attorney and the court again maintained it.
 

 The record shows that the prosecuting witness contemplated taking the bus on her return trip to her home, but upon arriving at the bus station she learned that the bus had already departed. She then attempted to engage a taxi cab from the defendant’s employer for the purpose' of making the trip and was told there was none available. The accused suggested that he might have time that night to make the return trip to Bell City, her home. Later he went to the place where the victim was staying and informed her that he was ready to make the trip. Upon arriving at an isolated spot on the road, he stopped the car and assaulted her on the back seat of the cab where she was seated and accomplished his purpose. His defense was that he had had previous illicit relations with her and that she had overindulged in the use of liquor and consented to'the sex act. In his per curiam, the trial judge disposed of this bill, as follows: “* * * In the opinion of this court, the jury was entitled to know why the prosecuting witness was in Lake Charles and staying at a hotel in Lake Charles, and further, was entitled to know her condition as to sobriety and how she’ had conducted herself while in the city. This evidence was clearly made admissible, material, and relevant by the defense in the case, since the defendant took the stand and testified that the prosecuting witness ■ had conducted herself improperly on a prior occasion and on the day of the alleged attack was drinking excessively and had made advances to him both before he started on the trip from Lake Charles to Bell City where the attack is alleged to have occurred, and on the trip. The testimony was further toade admissible, material and relevant by the testimony of two of the witnesses for the defendant, who' testified that at the time the prosecuting witness got into the car with the defendant in the afternoon on the day the attack is alleged to have occurred, she was drink- ’ ing excessively and conducted herself improperly with the defendant.”
 

 Obviously, the accused cannot successfully complain of the two instances when the trial judge upheld his position. The third time his counsel objected he made a most general one and failed to point out any specific part or parts of the district attorney’s opening statement which he considered improper and irregular. An examination of the record reveals that when the district attorney stated to the jury “* *■ * That the State is going to prove, if the occasion arises that anyone who testifies that this complaining witness, was drunk is a perjurer”, defendant objected to this as “a very improper statement to make to the jury”. The judge ruled, as follows: “Disregard that statement, please, gentlemen. That could only
 
 *749
 
 arise in the event certain testimony is admissible. It is not a statement of material facts that will be proven by the State in making out a case.” Our attention has not been called to any other irregularities or improper statements to the jury than those ruled out by the trial judge and certainly the defendant could not suffer any prejudice or injury thereby because the rulings were in his favor. We have examined the remaining part of the statement of the district attorney and it is confined to a narration of what the State expected to prove and how it would' be proved. Under these circumstances the defendant has not shown any error or prejudice which would entitle him to relief. State v. Shuff, 198 La.
 
 67,
 
 3 So.2d
 
 278;
 
 State v. Sharbino, 194 La. 709, 194 So. 756; State v. Tullos, 190 La. 184, 182 So. 321; State v. Goldstein, 187 La. 353, 174 So. 873; and State v. Nahoum, 172 La. 83, 133 So. 370.
 

 Bills of exceptions Nos. 2, 3, 4, 5 and 6 were reserved by the defendant when the State asked several of its witnesses while presenting its case in chief whether or not the prosecuting witness was in an intoxicated condition about the time she entered the taxi cab. The trial judge, in his per curiam, states: “Bills of exception numbers 2, 3, 4, 5 and 6 were all reserved to the admission of evidence to show the condition of the prosecuting witness immediately prior to the time the defendant undertook to drive her to Bell City in his taxi cab. As set out in the per curiam to bill of exception No. 1, this testimony may not have been material at the time it was admitted; however, at that time it could not in any way have damaged the defendant, because the District Attorney undoubtedly anticipating the defense, showed that the prosecuting witness was sober; that she was in Lake Charles to see her son, and that, as a mother, she came to Lake Charles at practically every opportunity to visit with her
 
 son;
 
 that she had not been drinking and that she did not know the defendant and all of this testimony was made material, relevant, and admissible when the . defendant took the stand and testified that on one prior occasion he had drunk with the prosecuting witness and had had illicit relations with her and that she had made advances to him at various times, all of which defense, in the opinion of the court, was fabricated and contained not one scintilla of truth.”
 

 While it was irregular for the State to offer rebuttal evidence in making out its case in chief, nevertheless no harm or injury was done to the defendant because of the defense and testimony that was introduced by him subsequently. In fact, it was to the advantage of the defendant’s counsel to know in advance what proof the State had to offer that would tend to contradict the testimony he proposed to submit to the jury in connection with his defense on the issue of the prosecuting witness’ sobriety.
 

 When the defendant’s employer was on the stand as a witness in his (defendant’s) behalf, the district attorney asked the judge to withdraw the jury from the courtroom. After this was done, the district attorney made the following statement: “The State of Louisiana, through its representative, the District Attorney,
 
 *751
 
 desires to make an announcement to this witness and the Court and Counsel for the defendant that the State desires this witness to testify to actual truthful facts and nothing else and desires to warn this witness if he gives any statement which can be positively refuted by other evidence that the State of Louisiana will take the proper action aganist him in the matter.”
 

 Whereupon, the defendant’s attorney moved that the jury be discharged because of this statement. The motion was denied and Bill of exception No. 7 was reserved. In his per curiam, the trial judge said: “Bill of Exception No. 7 was reserved when the District Attorney warned one of the defense witnesses that unless he told the truth he would take action against him. This statement by the District Attorney was made out of the presence of the Jury and could have in no way prejudiced the defendant as it was merely a warning to the witness, whom the District Attorney was evidently satisfied was about to commit perjury.”
 

 Since the jury was out of the courtroom, the only possible prejudice the defendant could suffer would have been through an attempt to intimidate the witness. However, the record shows that this witness testified that prior to the time the prosecuting witness entered the taxi cab she was under the influence of liquor. It is, therefore, apparent that the witness was not intimidated and made the statement which he was placed upon the stand to give. Under these circumstances we find no error.
 

 Bill of exception No. 8 was reserved to the judge’s refusal to stop the alleged improper cross-examination of the witness, Louis Vincent, the owner and manager of the Red Top Taxi Cab Company, for whom the defendant worked. In order to show the witness’ interest in the case, the district attorney asked him whether or not he thought or knew that his company might be liable for damages if his taxi cab driver mistreated his passenger. The trial judge ruled that it was proper cross-examination because the State was entitled to show the jury the possible interest the witness had in the outcome of the trial, in order to affect his credibility. This ruling is correct. State v. Webb, 157 La. 858, 103 So. 191; State v. Joiner, 128 La. 876, 55 So. 560; Underhill’s Criminal Evidence, 4th Ed., Par. 437; and Wigmore on Evidence, 3rd Ed., Vol. 3, Sec. 969.
 

 Bill of exception No. 9 was reserved when the trial court refused to grant a continuance from 10 o’clock p.m. until the following morning, in order to afford the defendant additional time to secure a witness for whom an instanter subpoena had been issued at the inception of the trial. The record shows that the defendant was indicted on May 2, 1944 and charged with the offense in question, which was alleged to have happened on March 19, 1944. He was arraigned on May 2, and, through counsel, pleaded not guilty. The case was fixed for trial on May 15, and the defendant was granted a delay until May 5th within which to file any preliminary motions or pleas not otherwise fixed by statute. The trial was begun on May 15 and the jury completed on May 16. The trial judge, in his per curiam, assigns
 
 *753
 
 the following reasons for his action: “Bill of exception No. 9 was reserved to the ruling of the trial court in refusing a continuance in order that the defendant might summon another witness to testify in his behalf. There was no assurance that the witness could be found by the following morning. The defendant had announced ready for trial, and after the trial had commenced, had asked for an in.■stanter subpoena for the witness. At the time the issuance of the subpoena was ordered by the court, the defendant was notified that no continuance would be granted in the event the witness was not present when called. In order to assist the defense in every possible manner, the court permitted several witnesses to be summoned after the trial had commenced and the defendant did have present at least ■one witness to testify to the same facts he sought to prove by the absent witnesses. This ruling came clearly within the ■discretion of the court and in the opinion ■of the court the defendant was not prejudiced in any manner by the court’s refusal to delay -the trial after all of the evidence had been completed.”
 

 We may further observe that the defendant did not use due diligence in summoning this witness and that the testimony sought to be introduced by him was cumulative, the defendant having placed another witness on the stand who testified to the same facts that were sought to be proved by the absent witness.
 

 For the reasons assigned, the verdict of the jury and the sentence of the court are affirmed.