FOURNET, Justice.
 

 The defendant, Levi Smith, is appealing from his conviction of simple battery on a charge of aggravated battery and his sentence thereunder.
 

 The first error alleged to have been committed during the course of the defendant’s trial and relied on by him for the reversal of his conviction and sentence occurred when the prosecuting attorney in his opening statement to the jury declared: “Furthermore, that approximately two weeks after the accident that I have outlined to you that the accused returned to the property under discussion, bringing with him a gun, stating that he had brought the gun along and would use it if necessary.” This statement was objected to on the ground that it was improper, irrelevant, and immaterial, and the court was asked to instruct the jury to disregard it. The trial judge did thereupon instruct the jury that the statement was not to be considered as evidence and he reserved the right to rule on the admissibility of such evidence when sought to be introduced by the state.
 

 It is the mandatory duty of the district attorney or his assistant to make ah opening statement to the jury in all cases that are triable by a jury, explaining to them the nature of the charge against the accused and the evidence by which such a charge is expected to be established. Article 333 of the Code of Criminal Procedure. The scope and extent of this statement is under the control of the trial judge and this court will not set aside a conviction for an error in his ruling with respect to such statement unless the defendant was injured or his rights plainly violated as a result thereof. State v. Ricks, 170 La. 507, 128 So. 293; State v. McKee, 170 La. 630, 128 So. 658; State v. Nahoum, 172 La. 83, 133 So. 370; and State v. Tullos, 190 La. 184, 182 So. 321.
 

 There is nothing in the record or in the brief submitted by defendant’s counsel warranting the conclusion that the defendant was injured or his rights prejudiced by the inclusion of the above quoted language in the opening statement. In the absence of such showing we are bound by the trial judge’s statement in his per curiam that “The jury definitely understood, from the statement of the District Attorney and my instructions, that any statement
 
 *435
 
 made by the District Attorney was not evidence and was not to be considered as such.”
 

 The defendant relies on another alleged error committed during the trial of his case, that is, the trial judge’s refusal to grant his request to specially charge the jury “that where a plea of self-defense is made by the defendant it is the duty of the State to prove that it was not self-defense,” in violation of the jurisprudence of this state. The cases cited by counsel include State v. Ardoin, 128 La. 14, 54 So. 407, Ann.Cas.1912C, 45; State v. Sandiford, 149 La. 933, 90 So. 261; State v. Scarborough, 152 La. 669, 94 So. 204; and State v. Disotell, 181 La. 149, 158 So. 825.
 

 There would be merit to this bill if the trial judge had declined to grant this request because he considered there was no firm foundation therefor in law, as suggested by counsel in his brief, but a mere reading of the trial judge’s per curiam wherein he declares that he explained to the jury “that the burden rested on the state to make out its case and convince them beyond a reasonable doubt before they could convict and that the plea of self-defense interposed by the accused did not shift the burden on the state; that the accused did not have to prove he acted in ■self-defense, but if the plea raised a reasonable doubt in their minds they must give it to the accused and acquit him,” clearly shows that the defendant’s contention in this respect is not well-founded.
 

 For the reasons assigned, the conviction and sentence are affirmed.