48 So.2d 272

**STATE v. SANFORD.**

No. 39881.

Supreme Court of Louisiana.

June 30, 1950.

Rehearing Denied Oct. 3, 1950.

B. B. Croom, Baton Rouge, for defendant and appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Fred S. LeBlanc,

Dist. Atty., Sargent Pitcher, Jr., 1st Asst. Dist. Atty., Baton Rouge, for appellee.

FOURNET, Chief Justice.

The defendant, Edward Sanford, having been convicted on a charge by indictment with aggravated rape, is appealing from the conviction and his death sentence thereunder, claiming that certain errors were committed by the trial judge during the course of his trial to which timely objections were made and bills of exceptions reserved. All of these alleged errors were incorporated in the defendant's motion for a new trial and the trial judge, in overruling this motion, gives written reasons for all of his rulings, treating the issues raised in one opinion that is made the per curiam to all of the bills.

The first twenty-four bills were reserved to the rulings of the judge in maintaining the state's objection to the following question asked each prospective juror on his voir dire: "The law is that it is within the discretion of the jury, without having any reason at all for it,—it is strictly within the discretion of the jury,—to either find this man guilty as charged, which would carry with it the death penalty, or the jury can as I said, of its own volition and discretion without giving any reason for it, can qualify that verdict and bring in a verdict of guilty without capital punishment. Now, you have told the District Attorney that you have no conscientious scruples against the infliction of the death penalty

and I want to ask you this question. In the event that you are convinced beyond a reasonable doubt of the guilt of this accused, is a verdict carrying with it the death penalty, the only verdict that you could return, or could you bring in a verdict of guilty without capital punishment?"

The trial judge in his per curiam observes: "Apparently counsel believing that he had a good bill of exception under the decision of State v. Henry, 196 La. 217, 198 So. 910, to which case he avoided all reference at the time the objection was made, did not change the form of the question and did not ask the court's permission to do so. Had he made such a request it would have been granted." He expressed the opinion that the question "In the event that you are convinced beyond a reasonable doubt of the guilt of this accused is a verdict carrying with it the death penalty, the only verdict that you could return," was misleading and confusing, calling particular attention to the fact that counsel in framing the question used the words "In the event that you are convinced beyond a reasonable doubt of *the guilt of this accused,*" and not *the guilt of the accused as charged.* He further advises that his ruling was leveled at the form in which the question was propounded rather than to its substance and that the accused was never denied the right to ask the prospective jurors those questions that would have given his counsel the necessary information for him to properly exercise his challenges for cause in

the event he considered the juror disqualified by a prejudice against bringing in a qualified verdict.

The defendant, a colored man, was accused of the crime of aggravated rape of a white woman in the back seat of a car while he was threatening her and her date with a gun, the car, at the time, being parked on a road in the vicinity of the Louisiana State University. It appears the accused took advantage of the fact that the prosecuting witness's date became bogged down in a cotton patch resulting from the excitement occasioned by the accused firing into the windshield of the car, barely missing them, when they were attempting to make a get-away upon observing the accused approaching the car with a flashlight. When he was apprehended the defendant readily confessed to firing into the car and to robbing the victim and her date (even telling the police officers where he had disposed of the gun, in which place the officers later found it), but he denied the rape. Some time later, however, he made a full and complete confession to the sheriff and his two deputies. As a consequence, counsel for the accused, as he says in his brief, "was interested primarily in questioning the jurors on their voir dire on only two verdicts, that is, 'guilty as charged,' and 'guilty without capital punishment.'"

Counsel, relying on the holding of this court in the case of State v. Henry, supra, contends the trial judge committed reversible error in refusing to permit him to propound this question to the prospective jurors.

The holding in the Henry case, in so far as it is pertinent here, simply declares that the trial judge did commit reversible error by limiting the defendant's counsel in their examination of the prospective jurors on their voir dire by permitting them to only ask these jurors if they "would take the law as the court gives (gave) it to" them, thus making it impossible for counsel to elicit from these jurors the necessary information to permit the accused to exercise intelligently the right of peremptory challenge and challenge for cause, since under the express provisions of Article 409 of the Code of Criminal Law and Procedure the jury may in all capital cases "qualify its verdict of guilty with the addition of 'without capital punishment,' in which case the punishment shall be imprisonment at hard labor for life", with the result that a juror entertaining any conviction against such a qualification is subject to challenge for cause by the defendant, in the same manner as a juror who has conscientious scruples against the infliction of capital punishment is subject to challenge for cause by the state under Article 352 of the Code of Criminal Law and Procedure.

In the trial of this case, unlike in the Henry case, the counsel for the defendant was not limited in his examination of the jurors on their voir dire concerning their individual convictions with respect to re-

turning a qualified verdict and the Henry case is not, therefore, controlling here.

■ To say the least, the question was confusing and misleading and inasmuch as counsel for the defendant seemed to be confident the trial judge had committed reversible error by disallowing this particular stereotyped question and did not seek to pursue his examination of the jurors any further in this respect or request that he be permitted to rephrase the question, we do not think he was prejudiced by such a ruling.

■ Bill of Exceptions No. 25 was reserved when the trial judge refused to permit counsel for the accused to ask juror McCormick: "Would it embarrass you to bring in a verdict of not guilty if you had a reasonable doubt in your mind as to his guilt?"

We fail to appreciate just what facts counsel was endeavoring to establish by this question and he does not give us the benefit of his appreciation of the manner in which his client was prejudiced by the trial judge's ruling disallowing the question. We therefore conclude that the bill is without merit, particularly since it appears the juror had been examined at length with respect to his convictions and his ability to give the accused a fair and impartial trial, without bias or prejudice, and had affirmatively declared that he would base his verdict solely upon the law and the evidence, giving the accused the benefit of every reasonable doubt.

■ In the next bill counsel for defendant states it was leveled at the action of the trial judge in signaling out "the mother and one or two friends of the victim of the alleged rape" when they came into court as "the family of the young lady" and in having the deputy sheriff "seat them in chairs inside the 'rail' and within six feet of the jury box."

As reflected by the per curiam of the trial judge, the facts are that "both victim and her mother were summoned as witnesses in the case and did not arrive in the courtroom until it was time for the young lady * * * the victim of the rape, to take the witness stand. There were no available seats outside the railing, so while the victim was testifying the court suggested to the deputy that the mother be seated in the only vacant seat within the view of the court. The fact that this seat was within the railing furnished the jurors no better view of her than they had when she actually took the witness stand. Necessarily both being witnesses had to be seen by the jury. Therefore, the question as to where they sat was immaterial and of no consequence."

Clearly under these facts it does not appear that the cause of the accused was prejudiced by the judge's action in seating the prosecuting witness and her mother within the railing, and in absence of such showing the accused is without right to complain.

The next two bills concern the confession of the accused, No. 28 having been re-

served because of counsel's objection to the district attorney's statement in his opening argument that the prosecution would "introduce in evidence the verbal confession of the accused made to Sheriff Bryan Clemmons, Deputy White and LeBlanc, as to the crime and how he committed it," counsel's contention being the district attorney should have stated he was going to introduce "a free and voluntary confession," and have stated of what the confession consisted; while Bill No. 29 was reserved to the admission of the confession in evidence because it was allegedly not affirmatively shown to have been free and voluntary.

In disposing of the first of these bills the learned trial judge in his per curiam states it is without merit because the assistant district attorney, before making this statement, had "explained in detail all of the alleged facts concerning the crime charged and after doing so stated that the state would prove that the accused made a verbal confession of the crime and how he committed it."

This was not only a substantial but a literal compliance with Article 333 of the Code of Criminal Law and Procedure wherein it is provided that in his opening statement the district attorney shall explain "the nature of the charge and the evidence by which he expects to establish the same", as well as with the jurisprudence thereunder. The district attorney is not required to either read the confession to the jury or to detail the substance thereof and the authorities that have been cited by counsel for the accused in support of this contention are not pertinent from either a factual or a legal standpoint and, therefore, not controlling here. See State v. Smith, 212 La. 863, 33 So.2d 664; State v. Poe, 214 La. 606, 38 So.2d 359.

The complaint with respect to the trial judge's ruling in admitting the confession in evidence is also without merit. In the case of State v. Robinson, 215 La. 974, 41 So.2d 848, 853, (on rehearing), this court gave a short historical background of Articles 451 and 452 of the Code of Criminal Law and Procedure governing confessions and their admissibility in evidence and concluded that such admissibility "is predicated upon the state's establishing its free and voluntary character by proof that is direct and positive, and, under our jurisprudence, this fact must not only be established to the satisfaction of the trial judge out of the hearing of the jury but his ruling with respect thereto will not be disturbed on appeal unless clearly not supported by the evidence. Once in evidence, of course, it is for the jury to say what weight shall be accorded a confession."

According to the per curiam of the trial judge, this procedure was followed precisely. He advises that he was very careful to determine the free and voluntary character of the confession before it was admitted in evidence. The state offered all of the witnesses in whose presence the confession had been made and they

all affirmatively stated that the accused had been subjected to no coercion or threats of any kind. These witnesses were subjected to cross-examination by defense counsel. The defendant did not himself take the stand or offer any countervailing evidence, or in any way establish the contrary to be true. It was only after the judge had ruled the confession admissible and the jury had been called back into the court room, and when the state was undertaking to introduce this same testimony for the benefit of the jurors so that they might determine the weight to be given the confession that the defendant sought to have some of the testimony of these police officers, *not all of it,* taken down by the stenographer for inclusion as a part of this bill. From these portions that were taken down he would have us infer, and without the benefit of the entire testimony of these witnesses, that the confession lacks the free and voluntary quality that makes it admissible in evidence.

We have examined all of the testimony that has been made a part of the bill and we agree with the trial judge's conclusion that these excerpts do not sustain the contention of the defendant, particularly since no evidence whatever was offered to refute or contradict the sworn statements of the several officers to whom the confession had been made.

For the reasons assigned, the conviction and sentence are affirmed.