State vs. Johnson and Butler.

No. 12,014.

STATE OF LOUISIANA VS. IKE JOHNSON AND ANDERSON BUTLER.

As a matter of law, the prosecuting officer has the right to press upon the jury any view of the case arising out of the evidence—the Supreme Court is bound to credit jurors with common intelligence, conscientiousness and sense of duty. To justify setting aside a verdict of a jury, approved by the trial judge, on the ground of intemperate or improper remarks made by a District Attorney, this court would have to be thoroughly convinced that the jury was influenced by such remarks, and as well, that the remarks contributed to the verdict found.

APPEAL from the Tenth Judicial District Court for the Parish of Rapides. *Andrews, J.*

| 48 | 87 |
| --- | --- |
| 50 | 1145 |
| 51 | 106 |
| 51 | 241 |
| 51 | 242 |

| 48 | 87 |
| --- | --- |
| 105 | 520 |

| 48 | 87 |
| --- | --- |
| f114 | 232 |
| f114 | 233 |
| e114 | 691 |

| 48 | 87 |
| --- | --- |
| 115 | 750 |

| 48 | 87 |
| --- | --- |
| f119 | 132 |

| 48 | 87 |
| --- | --- |
| f124 | 137 |
| 124 | 785 |
| 124 | 958 |

*M. J. Cunningham*, Attorney General, and *Phanor Breazeale*, District Attorney, for Plaintiff, Appellee.

*H. L. Daigre*, for Defendant, Appellant.

Submitted on briefs December 21, 1895.
Opinion handed down January 6, 1896.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendants indicted for larceny were convicted and sentenced to the penitentiary for six months. On the appeal, which they have taken from this verdict and sentence, they call our attention to two bills of exception in the record.

The first bill recites that " on the trial of the case, during the con-cluding argument of the District Attorney, he used the following language, or its equivalent, to the jury: ' Gentlemen of the jury, if you find the accused not guilty you will clear the negroes, but you will convict Mr. Henderson of dirty, stinking, slimy perjury;' " Mr. Henderson being a white man and the only witness for the prosecu-tion.

To which statement counsel for the accused objected, and requested the judge not to consider it, which objection was over-ruled by the judge for the following reasons: " The judge made no ruling in this matter, and no request was made of him. After the District Attorney had concluded his argument, the offensive state-ment having been made at or near the close thereof, the counsel for defence notified the District Attorney that he would reserve a bill to the statement complained of, whereupon the court notified counsel that if he desired to reserve a bill of exception, he had better give the court an opportunity of ruling. The counsel then said he desired to reserve a bill, but made no request of the court for interference whatever.

" To which ruling counsel for defence excepts and reserves this his bill for signature of the judge."

The second bill is to the refusal of the judge to give, at the request of defendant's counsel, the following special charges to the jury:

1. If you find that the State has but one witness who swears to the guilt of the accused, and the accused by his own testimony con-tradicted the State witness, and swears to their innocence, in such case the facts are uncertain and leaves their guilt in doubt.

2. Facts are doubtful in criminal cases where there are only two witnesses, one for the State and one for the accused. The one for the State swearing to the existence of a fact, and the witness for the accused to its non-existence, leaves the facts uncertain and doubtful.

The judge assigned as his reason for refusing to give these special charges that " to have done so would have been equivalent to com-menting upon the facts, which was prohibited by law."

Not only did the reason assigned by the judge justify his refusal, but the propositions contained in the charges were not correct expo-sitions of law. The facts in a criminal case are not necessarily un-certain, nor the guilt of the accused necessarily left in doubt, because

a single witness testifies to the guilt of the accused, and the accused by his own testimony contradicts the State's witness and swears to his innocence.

In reference to the remark stated to have been made by the District Attorney in his argument, counsel say: "As a general rule, counsel in argument must confine themselves to the facts brought out in evidence, but when counsel grossly abuses his privilege to the manifest prejudice of the accused, it is the duty of the judge of his own motion to stop him; and if he fails to do so and the impropriety is gross it is a good ground for a new trial," citing in support of this proposition Am. and Eng. Encyclopedia of Law, 4 Vol., p. 875; State vs. Underwood (N. C., p. 50) and other authorities cited; Perkins vs. Grey, 55 Miss. 153; Cariariath vs. State, 63 Miss. 505.

He further says that the remark was a direct, illegal and effective appeal to the feelings and prejudices of the jury without facts or law to support its utterance.

In his brief counsel quotes the District Attorney's remark as being, " Gentlemen of the jury, if you find the accused not guilty you will clear the negroes, but you will convict Mr. Henderson of dirty, stinking, slimy perjury. *Mr. Henderson being a white man and the only witness for the State.*" The record does not bear out this statement. In the bill of exceptions, as copied in the transcript, the words which we have just italicized are not inserted as part of the District Attorney's statements, but seem to be a statement of a fact made by counsel who drew the bill. If we leave out of the District Attorney's remark the words "*negroes,*" we see no legal ground of complaint against it, however objectionable it might be in some other respects. If in point of fact the condition of the evidence was such in the opinion of the law officer that Henderson's testimony would necessarily lead to a conviction of the accused, unless he were guily of perjury in making his statement, we think he could legitimately so argue to the jury. The prosecuting officer has the right to press upon the jury any view of the case arising out of the evidence. The position of the District Attorney in respect to the matter differs essentially from that of the judge.

The real ground of complaint to the remark was, we presume, in the use of the word " negroes." We can not attach to the use of that word the great effect and significance which counsel does. We know nothing of the evidence in the case, and nothing as to how the

State vs. Johnson and Butler.

jury was composed, whether white or mixed. We are bound, besides, to credit jurors with common intelligence and common conscientiousness and sense of duty.

If the accused were in fact negroes, the jury were as well aware of that fact as the District Attorney was, and if they were men of such character as to be influenced by the considerations which counsel suggests, the remark of the District Attorney with the word "negroes" left out (which remark we have just said he could, considered as a matter of law, have legitimately used), would have produced, in our opinion, as prejudicial an effect as if it had been inserted. But counsel brings this matter before us in a very questionable form. He heard the remark, which he now complains of, made to the jury without any attempt on his part to obtain relief of any kind from the judge. He asked nothing at the court's hands, either in the way of direct rebuke at once to the District Attorney, or warning by the judge in his charge, but contented himself with informing the District Attorney that he intended taking a bill of exception, and in answer to the judge's suggestion that he call on the court for some action before taking a bill, with declaring that he desired to reserve a bill.

We imagine the theory upon which he pursued this course was that he considered the remark *per se* so injurious and prejudicial as not to be susceptible of correction at all, and the judge's conduct in not, of his own motion, rebuking the attorney, and alluding to the matter in his charge, so positive a violation of his duty, that therefore the acts themselves were properly the subject at once of a direct bill.

Defendant applied for a new trial, but made no allusion in his motion to any injury received by him from the course of the District Attorney and judge. To justify this court in setting aside the verdict of a jury approved by the trial judge, on the ground of improper remarks made by a District Attorney, it would have to be very thoroughly convinced that the jury was influenced by such remarks, and that they contributed to the verdict found. Were it to pursue any other course the energies of counsel of accused parties would be constantly directed to finding and seizing upon flaws in the arguments of prosecuting officers, and pressing upon an appellate court, which neither saw nor heard the District Attorney, nor saw the jury he addressed, nor was informed as to the testimony in

the case, that the conviction of their clients was due not to their guilt, but entirely to improper conduct on the part of counsel for the State.

We think that matters of that kind can, as a general rule, be safely left to the supervision and control of the District Judge, a sworn officer of the law, standing ·utterly impartial between the accused and the State. The District Judge in this case saw the jury, heard what the District Attorney said and listened to all the evidence adduced. If he thought that the verdict was not just, but based upon prejudice resulting from anything said by the District Attorney, we would be slow to believe that he would have overruled a motion for a new trial, or let the verdict stand.

In State vs. Duck, 35 An. 764, this court said: "Accused charged error in the refusal of the District Court to stop the District Attorney in the course of the latter's argument at the request of counsel, charging that the District Attorney was making an improper and unfair argument to the jury. There is no force in this complaint. This court can not, and will not, interfere with District Judges in the manner of controlling their courts, or of enforcing rules of propriety and decorum on the officers of the court."

In State vs. Mack, 45 An. 1155, it said, alluding to a complaint made by the accused of a remark by the District Attorney to the jury: "The bill of exception states that the accused excepted to it, and that the court did not charge the jury to disregard the statement. There was no demand made on the judge to stop the argument, or to charge the jury to disregard the statement, and no refusal on his part to comply with any request made on him in respect to it. Had the accused desired any action on the part of the judge, he should have asked it."

We have no reason to believe that the conviction of the defendants was due to the remark complained of.

The judgment of the District Court, herein appealed from, is hereby affirmed.