BREAUX, C. J.
The defendant was found guilty of assault with intent to ravish.
He was condemned to serve at hard labor for the term of 10 years.
*131 He sets forth the legal points of his defense in two bills of exceptions.
The prosecuting officers of the state inform us that the defendant and Elodie Mouton, the alleged victim, are colored.
The bills of exceptions were not presented to the district attorney for his inspection is the first proposition urged by the prosecuting officers.
This court has repeatedly said that a bill of exceptions taken should be submitted to the district attorney. State v. Johnson, 107 La. 546, 32 South. 74; State v. Artus, 110 La. 443, 34 South. 596; State v. Laborde, 48 La. Ann. 1492, 21 South. 87; State v. Juan Romero, 5 La. Ann. 24; State v. Gunter, 30 La. Ann. 538.
In other jurisdictions, also, that rule commends itself as essential to follow, in order to render it certain that the issues will be brought up to the appellate court. Ency. of Pleading & Practice, p. 442, No. 4.
The state complains that the remarks of the district attorney were not as stated in the bill of exceptions; that that officer had not had opportunity to explain and call to the attention of the trial judge that which was said by him.
Going further into the argument, the prosecuting officers take the ground that the district attorney has the right to answer the defendant, even upon matters not in evidence; that the remark which the district attorney is charged to have made, even if it was as stated by defendant’s counsel, was made in his closing argument in answer to counsel, and from that point of view was not in the most remote manner objectionable.
These statements are not contained in the bill; that is, it does not appear that the remarks of the district attorney were made in answer to defendant’s counsel, while the facts are, as stated on part of the state, that they were so made.
We leave these grounds without specially passing upon the question, except to say that it is far the better practice that the bill of exceptions be presented to the district attorney. That submission should not be overlooked. In the end it is much more satisfactory to all parties concerned.
The prosecuting officers further urge that the defense did not call upon the court to-pass upon the objection which they urge upon appeal. To quote from the bill of exceptions :
“All counsel for defendant requested was that a note be taken by the clerk of the words- and his exception.”
It seems that the court was not called upon, to rule upon the point, and to decide what statement had been made that should bot have been made, if there was any part of it that should not have been made.
If defendant desired a ruling upon his objection, he should have pressed it upon the attention of the court. The bill of exceptions does not disclose that he did.
The following cases are pertinent upon the-subject of the necessity of properly insisting upon a ruling by the court on a point presented on an objection made: State v. Procella, 105 La. 519, 29 South. 967; State v. Johnson, 48 La. Ann. 87, 19 South. 213.
It stands to reason that every point should receive the consideration of the court, and that before they are taken up on appeal it should appear with some certainty that the-trial judge has been called upon to pass-upon each.
We come to the merits of the objection as set forth in the bill of exceptions.
The foregoing are mere preliminaries to-the merits.
While we have considered those grounds, and have expressed our views, we deem it proper to pass on to the merits.
We will at once state that they present no-good ground to set aside the verdict.
It appears 'that there was a dispute between the district attorney and counsel for defendant regarding the words used by the- *133 district attorney in addressing the jury— words to which we have referred a moment ago as objected to by defendant’s counsel.
We will briefly touch upon this point upon the facts, for they are not of a very attractive nature.
We are informed by some recital of particulars that defendant, through counsel, urged the lewd character of. the alleged victim.
The state, through the district attorney, urged that the charge was not sustained by the testimony; that the woman was not of the character urged by the defense.
According to the statement of the trial judge, made part of the bill of exceptions, the weight of the testimony sustained the district attorney in this respect.
Accepting this as correct, as required by jurisprudence, we hold that the defense is without good ground of complaint on this score. It was part of the argument of the ease, and was not foreign to the cause.
The district attorney should always be careful not to go beyond proper limits, and not to take positions in argument that are not sustained by the testimony; but he is within reasonable bounds permitted to argue the case with some degree of freédom, to the extent necessary in presenting the cause.
The second bill of exceptions is a sequel to the first. It was taken to the refusal of the court to allow the argument to be stopped to take testimony of bystanders as to the words used by the district attorney, and which form the basis of the exceptions heretofore referred to.
It must be borne in mind that the objection was that the district attorney had no good ground justifying him in seeking to place the character of the asserted victim ■before the jury as that of a good woman.
It was here that the dispute arose between counsel for defendant and the district attorney as to what the latter really said.
It happened that the trial judge did not hear the remarks at the time. Counsel for defendant then proposed to call upon the bystanders to testify as to what the district attorney had said.
The statement of the court answers the ■ objection.
This statement is, as set forth in the bill of exceptions, that the court did not refuse the request. Moreover, the defendant did not request the examination of any particular person as a witness; and, again, to stop in the midst of a trial to examine bystanders is not a step in the proceedings which commends itself very much.
We have not had the benefit of the argument of counsel for defendant on appeal.
We have considered the points made as clearly enough stated in the record, with the result announced in our decree.
For reasons stated, the verdict and sentence are affirmed.