(53 South. 702.)

No. 18,517.

STATE v. JOHNSON.

(Nov. 28, 1910.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§§ 1045, 1171*)—APPEAL—REMARKS OF DISTRICT ATTORNEY—REVERSAL.

The remark, by the district attorney, in his argument to the jury: "I do not ask you to convict the accused because he is a negro and the prosecutrix a white lady. I ask you to treat him as any other person being tried here, though I think that is a very good reason why he should be convicted"—was uncalled for and should have been omitted. On the other hand, if counsel for the accused attached serious importance to it, he should have requested the trial judge to rule upon his objection and have incorporated the ruling in his bill. And, finally, we are of opinion that the matter falls within our ruling, to the effect that: "To justify setting aside a verdict of a jury, approved by the trial judge, on the ground of intemperate or improper remarks by a district attorney, this court would have to be thoroughly convinced that the jury was influenced by such remarks, and, as well, that the remarks contributed to the verdict found."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2652, 2685; Dec. Dig. §§ 1045, 1171.*]

Appeal from Twenty-First Judicial District Court, Parish of Iberville; Calvin K. Schwing, Judge.

Charles Johnson, alias James Wilson, was convicted of assault with intent to kill, and appeals. Affirmed.

Jules A. Carville, for appellant. Walter Guion, Atty. Gen., and Jacob H. Morrison, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

MONROE, J. Defendant being on trial on a charge of assault with intent to murder, his counsel objected to the remark, made by the prosecuting attorney, in his argument to the jury:

"Gentlemen of the jury, I do not ask you to convict the accused because he is a negro and the prosecutrix a white lady. I ask you to treat him as any other person being tried here, though I think that is a very good reason why he should be convicted."

It does not appear that the trial judge was asked to take any action in the matter, or that any action was taken, or that any bill was taken to such nonaction; nor are we informed whether the jury was composed of whites or negroes, or was mixed. We are of opinion that the remark was uncalled for and should have been omitted. We are also of opinion that counsel for defendant, if he attached serious importance to it, should have requested the trial judge to rule upon his objection and have incorporated the ruling in his bill. State v. Johnson & Butler, 48 La. Ann. 89, 19 South. 213; State v. Johnson, 119 La. 130, 43 South. 981. And, finally, we think the matter falls within our ruling to the effect that:

"To justify setting aside a verdict of a jury, approved by the trial judge, on the ground of intemperate or improper remarks by a district attorney, this court would have to be thoroughly convinced that the jury was influenced by such remarks, and, as well, that the remarks contributed to the verdict found." State v. Johnson & Butler, 48 La. Ann. 87, 19 South. 213.

Judgment affirmed.