. HAWTHORNE, Justice.
 

 Defendant Cornelia Neal, a Negro woman, was charged with the crime of attempted murder, tried, convicted of attempted manslaughter, and sentenced to serve six years at hard labor in the state penitentiary. She has appealed.
 

 The first bill of exception upon which appellant relies for a reversal of the conviction was taken to a remark made by the district attorney in his opening statement- to the jury to the effect that he would show that the accused was apprehended in California, where she had fled while out on bond pending trial. Defense counsel objected’to this remark on the ground that such evidence was inadmissible because it would be prejudicial to the accused and amounted to evidence of another crime.
 

 There is no merit in this bill. Evidence to show that the accused fled the jurisdiction after the commission of the crime is admissible to show consciousness of guilt, and it is immaterial whether the flight occurs before formal charges are filed, before arrest, after arrest and admission to bail, or after arrest and escape from jail or from the custody of an officer. See State v. Wingfield, 34 La.Ann. 1200; Wharton’s Criminal Evidence, vol. 1, p. 414, sec. 205 (12th Ed.1955); Marr’s Criminal Jurisprudence of Louisiana, vol. II, pp. 866-867 (2d Ed. 1923). Jumping bail is a crime denounced by Article 110.1 of the Criminal Code, and evidence of that offense is, as counsel state, evidence of- another crime. Nevertheless, under the authorities cited above, evidence of appellant’s flight from the jurisdiction after being charged with attempted murder and admitted to bail on that charge is admissible on her trial on that charge.
 

 The next bill on which appellant relies was taken to the overruling of her motion to quash the indictment. The indictment names the defendant as “Cornelia Neal, alias Cornelia Mack, alias Cornelia Holland, alias Cissy Holland”. It is appellant’s contention that by so naming her the State, in effect, introduced evidence of her bad character which was inadmissible in the absence of any evidence adduced by her of her good character. In the motion to quash appellant alleges that her name is Cornelia Henley because some few months before the date of the offense charged she married David Henley.
 

 
 *1053
 
 The trial judge in his per curiam informs us that in the framing of the indictment the aliases were used to designate the defendant by the names by which she was known and nothing else—or, as we take it, for the purpose of identifying the accused. She signed her appearance bond by the name of Cornelia Neal, evidently making no contention at that time that her married name was Cornelia Henley.
 

 Under the provisions of Article 241 of the Code of Criminal Procedure, “In any indictment it is sufficient for the purpose of identifying the accused to state his true name, to state the name, appellation or nickname by which he has been or is known, to state.a fictitious name, or to describe him as a person whose name is unknown or to describe him in any other manner. In stating the true name or the name by which the accused has been or is known or a fictitious name, it is sufficient to state a surname, a surname and one or more given name or names, or a surname and one or more abbreviations or initials of a given name or names. * * * ”
 

 In this case there is no question of the identity of the accused as the person charged with the commission of the crime, and under this fact pursuant to the provisions of the above cited article of the Code of Criminal Procedure, if her true name .was disclosed by the evidence, on motion of the accused it became the duty of the trial judge to insert her true name in the indictment, and the court could on its own motion have caused the true name of the accused to be inserted if her true name was disclosed by the evidence. Here, however, the accused does not seek by motion to have the name “Cornelia Henley” inserted in the indictment and has filed no motion to this effect, but instead is seeking to have the indictment quashed.
 

 We are of the view that under the circumstances surrounding this bill the accused is not entitled to have the indictment quashed or set aside, and since the trial judge informs us that the names used in it were merely for the purpose of identifying the accused, we do not think that the State by charging her as was done here introduced any evidence of her bad character, for, according to Black’s Law Dictionary (Deluxe Ed.1944), the term “alias dictus”, or its shorter and more usual form “alias”, “ * * * when placed between two names in a pleading or other paper indicates that the same person is known by both those names * * * ”.
 

 Appellant next contends that the trial judge erred in overruling her motion for a new trial. In this motion appellant for the first time makes objection to an alleged remark of the district attorney in his closing argument to the jury to the effect that he and the sheriff of the parish were not going to stand for any Mississippi
 
 *1055
 
 Negroes coming to Louisiana and terrorizing the community in these juke joints. It is appellant’s contention that this remark was an appeal to race prejudice and as such entitles her to a new trial.
 

 Under Article 381 of the Code ,of Criminal Procedure, “Counsel may argue to the jury both the law and the evidence of the case, but must confine themselves to matters as to which evidence has been received, or of which judicial cognizance is taken, and to the law applicable to the evidence; and counsel shall refrain from any appeal to prejudice”.
 

 The accused, as stated above, did not object to the remarks of the district attorney at the time they were made, and according to our law the objection and exception to the remarks must be taken when the remarks are made and not after conviction in a motion for a new trial. State v. Spurling, 115 La. 789, 40 So. 167; State v. Digilormo, 200 La. 895, 9 So.2d 221; State v. Wilson, 217 La. 470, 46 So.2d 738.
 

 The Code of Criminal Procedure of this state provides that no error not patent on the face of the record can be availed of after verdict unless objection has been made at the time of the happening and unless at the time of the ruling on the objection a bill of exception shall have been reserved to such adverse ruling. The Code provides also that to avail as a ground for a new trial any irregularity in the proceedings not patent on the face of the record must be objected to at the time of its occurrence and a bill of exception reserved to the adverse ruling of the court to such objection, and failure to reserve a bill at the time of the ruling operates as a waiver of the objection and as an acquiescence in the ruling. Arts. 502, 510.
 

 Under the express provisions of these articles appellant has no cause for complaint. However, the serious question here is whether the remarks of the district attorney, if they are considered as an appeal to race prejudice, are so prejudicial as to entitle the accused to a new trial in spite of the provisions of these articles of our Code.
 

 It is well settled that in general an appeal to race prejudice cannot be cured by a charge of the judge to disregard, and is reversible error. The question then is whether appellant’s failure to object at the time the remarks were made operates as a waiver of her objection to them.
 

 If the remarks made in this case are considered as an appeal to race prejudice, the accused by objecting would have been entitled under the jurisprudence to a mistrial. However, she elected not to make any obj ection to the remarks. In other words, she chose to remain silent and take the chance of a favorable verdict, and after an unfavorable verdict she urges the objectionable remarks as a ground for reversal for the first time in a motion for a new trial. This
 
 *1057
 
 she cannot do, for by remaining silent she waived any objection she might have made to the prejudicial remarks. If this were not so, in all cases when such remarks are made, counsel for the defendant would not object, and in the event of an adverse verdict he then could obtain a new trial by making his first objection to the remarks on motion for a new trial.
 

 In State v. Johnson, 127 La. 458, 53 So. 702, 703, the defendant was charged with the crime of assault with intent to kill. In closing argument to the jury the district attorney said: “‘Gentlemen of the jury, I do not ask you to convict the accused because he is a negro and the prosecutrix a white lady. I ask you to treat him as any other person being tried here, though I think that is a very good reason why he should be convicted.’ ” In affirming the conviction this court, with Justice Monroe as its organ, said: “It does not appear that the trial judge was asked to take any action in the matter, or that any action was taken, or that any bill was taken to such nonaction * * We are 0f opinion that the remark was uncalled for and should have been omitted. We are also of opinion that counsel for defendant, if he attached serious importance to it, should have requested the trial judge to rule upon his objection and have incorporated the ruling in his bill. State v. Johnson & Butler, 48 La.Ann. [87] 89, 19 So. 213; State v. Johnson, 119 La. 130, 43 So. 981. * * * ”
 

 That holding in the above cited case is controlling here.
 

 The conviction and sentence are affirmed.