333 So.2d 919 (1976)
STATE of Louisiana
v.
Clifton ANDERSON, Jr.
No. 57441.
Supreme Court of Louisiana.
June 21, 1976.
*920 John Clyde Fontenot, Fontenot & Mitchell, Ville Platte, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. William Pucheu, Dist. Atty., A. Bruce Rozas, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
At approximately eight o'clock on the morning of January 20, 1975 the defendant Clifton Anderson, Jr., Linton Frank, and others, were in the Hollywood Inn, a nightclub and cafe, located in the town of Ville Platte. Some disagreement arose and as a result Anderson and Frank engaged in a scuffle. The owner of the club, a police officer, Berwick "Boy" Jack, asked them to leave.
Outside the argument and scuffling continued, with some exchange of blows. Jack approached the participants, asking them to break it up. After they were separated, Anderson pulled a knife and with one slash cut the left side of Frank's face from the ear to the corner of his mouth. The wound required 22 stitches.
Anderson was arrested by Officer Jack, the weapon was seized, and Anderson was brought to jail. A grand jury indictment charged him with aggravated battery. La.R.S. 14:34. After a trial by jury he was found guilty of aggravated battery and sentenced to serve ten years at hard labor. Ten assignments of error are urged by defendant on this appeal.

I
While the trial was in progress defense counsel made an oral motion to suppress the knife wielded by Anderson upon the ground that it was seized as a result of an unconstitutional search. The unconstitutionality is said to arise from the fact that the seizure was made without the officer advising Anderson of his rights under the Miranda decision.
Article 703 of the Code of Criminal Procedure requires that a motion to suppress be filed in advance of trial, unless opportunity therefor did not exist or defendant was not aware of the grounds, in which case the court in its discretion may permit the filing during trial. In addition the "filing" contemplated by the article is the filing of a written, not oral, motion.
Nevertheless, despite these technical procedural defects in the motion, it is otherwise without merit. The cutting occurred in the presence of the arresting officer, who gave a first-hand account of the happening. As he was locking the door to his establishment he observed Anderson slash Frank accross the face, thinking it was a slap until he saw the blood. He then ran to Anderson and demanded the knife, at the same time advising Anderson that he was under arrest. Not only were the Miranda warnings not required in this instance, where no interrogation was carried out, but it was the officer's duty when making the arrest to take from the person arrested all weapons which he had about his person. La.Code Crim.Pro. art. 225.
There is no merit to this assignment.

*921 II
While the victim of the cutting was testifying for the defendant, defense counsel asked, referring to the cutting, "Do you think it was an accident?" When the District Attorney objected that the question called for an opinion which would invade the province of the jury, the judge advised that he would permit the witness to be asked if he thought the defendant intended to cut him. Not being satisfied, defense counsel persisted in his intention to elicit from the witness whether he thought the cutting was an accident, whereupon the judge ruled he could not.
"Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have." La.R.S. 15:463 (quoted in State v. Kirklin, 283 So.2d 713 [La. 1973])
The ruling of the trial judge was correct.

III, IV and V
These assignments complain that the judge committed reversible error in threatening to hold defense counsel in contempt in the presence of the jury. The circumstances surrounding this issue reveal that defense counsel insisted on asking the witness if he thought the cutting was an accident after several rulings by the trial judge that the question sought an opinion of the witness and, as such, was impermissible. The judge then instructed defense counsel not to repeat the question and admonished him that if he did he would be held in contempt of court. Counsel for the defense then moved for a mistrial on the ground that the judge threatened to hold him in contempt in the presence of the jury. These were said to be remarks "not material and relevant and [which] might create prejudice against the defendant in the mind of the jury ...", a ground for mistrial under Article 770(1) of the Code of Criminal Procedure.
A remark or conduct by the judge conveying an unwarranted reprimand of, or a severe criticism of the methods of, or discrimination against, accused's counsel, or an attack upon the motives of counsel with respect to particular conduct during the trial is improper. Kraft v. United States, 238 F.2d 794 (8th Cir. 1956); State v. Simpson, 247 La. 883, 175 So.2d 255 (1965); cert. denied, 384 U.S. 1014, 86 S.Ct. 1945, 16 L.Ed.2d 1035 (1966); 23 C.J.S. Criminal Law § 989.
None of the elements of the rule referred to and approved in State v. Simpson, supra, are satisfied by the facts of this case, because there was impropriety in the conduct of defense counsel, and the judge's reprimand was warranted. After the trial judge had ruled several times on the question defense counsel persisted in his attempt to interrogate the witness, contrary to the ruling. The trial judge was therefore justified in invoking his authority to maintain the integrity of his orders.
The remarks of the trial judge were relevant and material to the proper conduct of the trial, and to the preservation of order in the courtroom. A reading of the transcript convincingly demonstrates that these remarks did not create prejudice against the defendant in the minds of the jury and Article 770(1) cannot, under those circumstances, support the motion for a mistrial. The overwhelming evidence of the cutting in full view of eyewitnesses and a police officer was unaffected by this incident.

VI and VII
Out of the presence of the jury, while cross-examining defense witness Raymond Anderson, the District Attorney asked, "You said you have been knowing Clifton Anderson, Jr., a long time?" The witness answered, "Yes, sir," after which *922 the District Attorney asked, "How many people do you know of a fact that he cut?" Before the witness answered defense counsel objected and the trial judge sustained the objection. A motion was then made by defense counsel to strike the question from the record, which the judge refused to order, explaining that the question was propounded out of the presence of the jury and the jury would not read the transcript. The ruling was correct.

VIII
Defense counsel called the defense witness Raymond Anderson on redirect examination after he had been questioned on cross-examination by the State relative to a statement he made to police before trial concerning the cutting, which he witnessed. On cross-examination his testimony did not disclose that the participants in the affray were "playing". On redirect examination defense counsel elicited from the witness the fact that the reason why the statement did not contain a reference to "playing" was because he was not questioned on that phase of the happening.
On recross-examination the District Attorney sought to emphasize the disparity between the witness' pretrial statement and his testimony on direct examination to the effect that the participants in the cutting were "playing".
Defense counsel objeced to this line of recross-examination as being beyond the scope of the redirect examination. The objection was overruled. The ruling was correct. The recross-examination was properly within the scope of the redirect examination.
In addition, the latitude allowed in this area is largely a matter within the discretion of the trial judge. In the absence of an abuse of discretion his ruling will not be disturbed. La.Code Crim.Pro. art. 765; State v. Cordier, 297 So.2d 181 (La.1974).

IX
This assignment of error asserts that after the jury retired to deliberate they asked to return to the courtroom and the request was granted. No foreman had yet been appointed, and one of the jurors asked for instructions on simple and aggravated battery, which the trial judge repeated at defense counsel's request. Other questions on reasonable doubt and dangerous weapons were asked and explained by the judge without comment on the evidence.
No contemporary objection was made on behalf of the defendant, and the jury retired again to deliberate, returning in forty-eight minutes to announce a verdict of guilty of aggravated battery.
In this assignment of error the defense contends the judge became involved in the jury deliberations in violation of his rights. No violation of rights is disclosed by this record and the defense has not objected. La.Code Crim.Pro. art. 841. A motion for a mistrial filed two days after the trial came too late. Objection to prejudicial remarks or conduct must be contemporaneous. La.Code Crim.Pro. art. 770 (Official Revision Comment); State v. Neal, 231 La. 1048, 93 So.2d 554 (1957).

X
The matters advanced in support of this assignment of error to the ruling of the trial judge denying a motion for a mistrial and a motion for a new trial have been considered and reconsideration is unnecessary here.
For the reasons assigned, the conviction and sentence are affirmed.