ON REHEARING
CALOGERO, Justice.
Defendant Roger Dale Doucet was charged by bill of information with armed robbery, a violation of R.S. 14:64. He pleaded not guilty and not guilty by reason of insanity, was tried before a twelve person jury and was found guilty as charged. Thereafter, the court sentenced him to serve fifteen (15) years at hard labor. He appealed his conviction and sentence to this Court relying upon thirteen assignments of error.
In this Court the case was screened and placed on our summary docket calendar for oral argument.[1] After oral argument we affirmed the conviction by per curiam, on November 22, 1978, notwithstanding that three members of the Court dissented in connection with assignment of error number five. We granted rehearing to reconsider the merit of that assignment of error.
By defendant’s fifth assignment he argues that the trial court erred in disallowing the late filing of a motion to suppress a witness’ identification testimony. The issue arose in the following context.
The crucial eyewitness to the offense, one Billy Weldon, had been subpoenaed by the state to appear at a hearing on a motion for a new trial in an unrelated armed robbery prosecution against this same defendant. Weldon apparently appeared in response to that subpoena some eight months prior to trial of the subject offense, sat in court at that hearing, presumably having ample opportunity to observe the defendant in court on that occasion. He was not called to present testimony at that time, for he was not a witness in connection with that crime.
Eight months later when this case was called for trial, defendant, represented by the court-appointed counsel who had represented him at the trial of the other case, as well as by retained counsel filed a written motion to suppress Weldon’s identification testimony on the grounds that the identification was tainted by the prior in-court viewing referred to hereinabove. The state contended that the motion should not be considered since the grounds therefor were known, or should have been known, to defense counsel well before trial, citing La. Code Crim.Pro. art. 703(A) which requires the filing of a motion to suppress no later than three judicial days before trial on the merits begins. See La.Code Crim.Pro. art. 703(A) infra.
Counsel for the defendant argued that while both the court appointed attorney and retained counsel had appeared at the mo *741 tion for new trial on the unrelated case, they had not noticed Weldon’s presence in court at that hearing. The matter was allegedly discovered a “few days”[2] before trial by appointed co-counsel. On that occasion he noticed documents in the record in the unrelated ease (number 11761 on the docket of the Fourteenth Judicial District Court) indicating that Weldon had indeed been subpoenaed by the district attorney and served by the sheriff in connection with the hearing on the motion for new trial. The trial judge refused to entertain the motion, to which defense counsel objected, reserving his complaint by assignment of error.
Louisiana Code of Criminal Procedure Article 703(A) provides:
“A motion filed under the provisions of this Paragraph must be filed no later than three judicial days before trial on the merits begins, except where the defendant receives notice of trial thirty days before trial on the merits, then such motion must be filed no later than fourteen calendar days before the trial on the merits begins, unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion. The court in its discretion may permit the filing of such a motion to suppress at any time before or during the trial.”
That article allows the trial court discretion to refuse to permit filing of a motion only when it is not timely filed despite the fact that defense counsel was aware of the grounds and had an opportunity to file it timely.[3] However, when the defendant has had no opportunity to file a motion or, as in this case, was unaware of the grounds for the motion, so as to permit its timely filing, the trial court has no discretion but must permit the filing of the motion even though it is not presented within the periods designated within the statute.
Furthermore, as we have stated in State v. Doucet, 359 So.2d 1239 (La.1978) (on rehearing) a motion to suppress on constitutional grounds should be entertained during trial “unless it can be shown that defendant’s failure to file a pre-trial motion was a deliberate strategic bypass of the State procedure.” In that case, involving this same defendant, but a different prosecution (case number 11761 in which Weldon was subpoenaed to appear at the motion for new trial), the Court found that defendant should have been permitted to file a motion to suppress evidence during trial where his failure to do so earlier was attributable to an erroneous but understandable belief that the suppression of the same evidence in another case barred its admission in the case under consideration.
In the instant case defendant’s motion to suppress Weldon’s identification testimony was based on constitutional grounds [4] and his failure to file the motion timely was neither deliberate nor negligent. We can find no advantage that defendant might have derived from a strategic and deliberate failure to file the motion timely. Nor do we find that it was negligent on the *742 part of his court-appointed or retained counsel not to notice Weldon at the back of the courtroom at the hearing on the motion for a new trial and to recognize him as a witness in this unrelated prosecution. Defendant’s own counsel was retained only shortly before the hearing on the motion for a new trial and was not yet involved in this case in which Weldon eventually testified. The fact that Weldon was present at the hearing on the motion for a new trial was discovered fortuitously by the court-appointed attorney when more than eight months afterwards he found in the record in the other prosecution a subpoena for Weldon’s appearance for the hearing on the motion for a new trial.
We conclude that counsel’s filing of the motion to suppress the identification should have been permitted. However, because we have found no trial error except this refusal to permit the filing of the motion, it is not necessary at this time to reverse defendant’s conviction and order a new trial. The possibility of reversible error may well be obviated upon a hearing on the motion to suppress. We therefore remand as per State v. Simmons, 328 So.2d 149 (La.1976) and reserve to the trial judge the power to grant a new trial if after a hearing on the motion to suppress he determines that the identification of defendant was tainted and that the testimony should have been excluded. If, on the other hand, the trial judge determines that the identification testimony was admissible, the right to appeal from such a ruling is reserved to defendant. In the absence of such an appeal, the conviction and sentence will be affirmed.

Decree

The case is therefore remanded to the district court for further proceedings in accordance with this opinion.
REMANDED.
MARCUS, J., concurs.

. For a discussion of the procedure this Court employs in screening appeals and assigning them to the summary docket see State v. Duhon, 340 So.2d 151 (La.1976), as modified by Stafe v. Montgomery, 362 So.2d 769 (La.1978).

. The trial of this case began on a Monday. When counsel attempted to file the motion on Tuesday afternoon, he stated that his co-counsel had discovered the subpoena only within the “past few days.” For the motion to have been filed timely, counsel would have had to discover the grounds and file the motion on the prior Wednesday, i. e. three judicial days before trial.

. We are not unaware of two recent expressions by this Court placing a different slant on this article, statements not central to the holdings in the respective cases, that only the trial court’s discretion will permit the late filing of a motion to suppress even when defendant had no opportunity to file it within the designated period, or was unaware of the grounds for the motion. State v. Taylor, 363 So.2d 699 (La.1978), State v. Anderson, 333 So.2d 919 (La.1976).

.The basis for defendant’s motion to suppress was that Weldon’s in-court identification of defendant would be influenced by the earlier viewing of defendant at the hearing on the motion for a new trial, and that because of this influence, there was a substantial possibility of misidentification. As the United States Supreme Court observed in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), “[i]t is the likelihood of misidentification which violates a defendant’s right to due process . ” and which may require the exclusion of the in-court identification testimony.