PER CURIAM.
On December 19, 1978, the state charged by bill of information that “Phil Phillips” had committed the crime of unauthorized use of moveables in violation of La.R.S. 14:68. Defendant was arraigned under the indictment and pleaded not guilty. On January 9, 1979, the case was brought to trial. After the state had concluded its case-in-chief, defendant was called to the stand. Upon his testifying that his real name was Phillip Batiste and that “Phil Phillips” was an alias, the state moved to amend the name charged in the indictment in conformance with defendant’s testimony. However, the trial court sustained a defense objection, disallowed the amendment and dismissed the prosecution. We granted the state’s application for writs to review the ruling.
*1167 We find that the trial court’s refusal to permit the proposed amendment contravened the terms of La.C.Cr.P. Art. 466, which provides:
In an indictment it is sufficient for the purpose of identifying the defendant to state his true name, or to state the name, appellation, or nickname by which he is known, or if no better way of identifying him is practicable, to state a fictitious name, or to describe him as a person whose name is unknown, or in any manner. In stating the true name or the name by which defendant is known or a fictitious name, it is sufficient to state a surname and one or more given names, or a surname and one or more abbreviations or initials of a given name or names.

If the true name of a defendant identified in the indictment otherwise than by his true name is discovered, the court shall cause the indictment to be amended to show his true name, and the proceedings shall continue against the defendant in his true name.

In no ease is it necessary to aver or prove that the true name of the defendant is unknown to the grand jury, complainant, or prosecuting officer, (emphasis supplied)
In the instant case, the defense made no argument that the indictment was not “sufficient for the purpose of identifying the defendant.” Indeed, the contrary appears from the record: defendant responded to the indictment and was arraigned under it. When there is no question as to the identity of the accused as the person charged with the commission of the crime, the trial court should cause the indictment to be amended to show the accused’s true name, and the proceedings should continue against him. La.C.Cr.P. Art. 466, supra; State v. Neal, 231 La. 1048, 93 So.2d 554 (1957). See also, State v. Sneed, 328 So.2d 126 (La.1976); State v. Pierre, 39 La.Ann. 915, 3 So. 60 (1887).
Because the trial court’s ruling flowed from a defense objection, the constitutional protection against double jeopardy does not apply in this case to bar defendant’s reprosecution. See, U.S.Const., Amend. V, Amend. XIV; La.Const., Art. I, § 15; La.C.Cr.P. Art. 591; United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); State v. Wesley, 347 So.2d 217 (La.1977).
Accordingly, the ruling of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.