380 So.2d 605 (1979)
STATE of Louisiana
v.
Roger Dale DOUCET.
No. 65113.
Supreme Court of Louisiana.
December 13, 1979.
Rehearing Denied January 28, 1980.
Raymond D. Fuljenz, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Jr., Dist. Atty., Evelyn Oubre and Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice[*].
Roger Dale Doucet was charged by bill of information with armed robbery in violation of La.R.S. 14:64. He entered a plea of not guilty and not guilty by reason of insanity. After trial by jury, he was found not guilty as charged and sentenced to serve fifteen years at hard labor. Defendant's conviction and sentence were affirmed by this court.[1] We granted a rehearing to reconsider whether the trial judge erred in disallowing the late filing of a motion to suppress a witness' identification testimony. On rehearing, we found that the trial judge erred in his refusal; however, finding no trial errors except this refusal, we did not reverse and order a new trial, but rather remanded the case to the trial court for a hearing on the motion to suppress the identification *606 pursuant to State v. Simmons, 328 So.2d 149 (La.1976), reserving defendant's right to appeal an adverse ruling.[2] On remand, after a suppression hearing, the trial judge denied defendant's motion to suppress the identification testimony. Defendant appeals from this ruling, relying on seven assignments of error, comprising one argument, for reversal of his conviction and sentence.
Defendant contends the trial judge erred in denying his motion to suppress the in-court identification of him by Billy Weldon, the victim of the armed robbery, because Weldon's observation of him in response to erroneous subpoenas tainted his in-court identification.
The record reflects that on June 24, 1976, between 3:00 a. m. and 3:30 a. m., a man entered a 7-11 store and robbed Billy Weldon, the cashier, at gunpoint. At approximately 11:00 a. m. that same morning, a photographic lineup was conducted in which Weldon was shown six photographs, including a photograph of defendant. Weldon immediately identified defendant as the man who had robbed him earlier that morning. On March 10, 1977, nine months after the robbery and the photographic lineup, Weldon was subpoenaed by the state to appear at a hearing on a motion for a new trial in an unrelated matter involving this same defendant. Weldon was not called as a witness, but sat in the rear of the courtroom and recognized defendant as the man who robbed him. Weldon again observed defendant on November 10, 1977, when he was subpoenaed by the state to attend defendant's competency hearing. Weldon did not testify at this hearing and the record does not reveal why Weldon received a subpoena in either instance. Defendant's trial began on November 14, 1977. On November 15, 1977, defendant filed a written motion to suppress Weldon's identification testimony on the grounds that Weldon's identification was tainted by the prior in-court viewings.
Assuming, without deciding, that the in-court viewings of defendant by Weldon were considered impermissibly suggestive, this alone would not indicate a violation of defendant's right to due process. It is the likelihood of a misidentification which violates due process, not merely the suggestive identification procedure. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Guillot, 353 So.2d 1005 (La.1977).
The trial court properly admits an in-court identification if it has a source independent of the out-of-court identification. State v. Taylor, 347 So.2d 172 (La. 1977). The independent source negates the likelihood of a mistaken identification. In this determination, we must consider certain factors which include: the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these facts is to be weighed the corrupting effect of the suggestive identification itself. Manson v. Brathwaite, supra; State v. Williams, 375 So.2d 364 (La.1979); State v. Guillot, supra.
Weighing these indicia of reliability present in this case against the marginal suggestiveness of the prior in-court viewings, it is clear that there was little chance of misidentification, and thus defendant was not denied due process. Weldon, the robbery victim, testified that he got a good, clear look at the robber's face for between three and five minutes. The 7-11 store was well-lit and the robber wore no mask or other artifice to conceal his face; and, although Weldon had never seen him prior to the robbery, the record indicates that he was clearly able to see his face as he opened the cash register. Weldon testified that he had no doubt that defendant was the man who robbed him. No one ever asked him to identify defendant during the prior in-court viewings or in any way indicated that he was charged with the 7-11 robbery. Weldon *607 was able to describe defendant to deputies immediately after the crime occurred, and, from a photographic lineup of six photographs, he selected a photograph of defendant as the man who had robbed him only seven hours after the robbery occurred.
These factors indicate that Weldon's in-court identification was based on an independent source and was not tainted by Weldon's response to the unexplained subpoenas. Hence, defendant's due process rights were not violated. The trial judge did not err in denying the motion to suppress the in-court identification of defendant by Weldon.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[*] Honorable Jesse N. Stone, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of Tate, J.
[1] 367 So.2d 281 (La.1978).
[2] 371 So.2d 739 (La.1979).