COVINGTON, Judge.
The defendant, Lionel Miles, was charged by a bill of information with receiving stolen things between August 18, 1982 and August 26, 1982 in violation of LSA-R.S. 14:69. After jury trial, the defendant was found guilty of receiving stolen things having a value of $850.00. Subsequently he was sentenced to be confined in the custody of the Secretary of the Department of Corrections, State of Louisiana, for a period of five years, with credit for time served. The defendant now appeals on the basis of two assignments of error.[1]
*1069 In August of 1982, while Mrs. Brenda Kelly was away from her home on Odgén Street in Baton Rouge, East Baton Rouge Parish, Louisiana, a friend, Maxine Marie Hanks, noticed that the Kelly residence appeared to have been broken into and that some antique furniture and other items had been stolen. When Mrs. Kelly returned home, she was informed by her friend, and she notified the police of the burglary.
On August 19, 1982, Mrs. Eloise Thompson of the Chelouise Antique Shop on Highland Road in Baton Rouge received a phone call from a person who told her that he had some furniture in which she might be interested. She went to see the furniture, and purchased it from Lionel Miles.
On August 26, 1982, Mrs. Kelly’s house was again burglarized, and some more items were stolen. On that same date, the owner of the antique store was again requested by Miles to come view more property. (The owner of the antique store had, between August 19 and August 26, bought several other pieces of antique furniture from Miles). Mrs. Thompson, the antique dealer, had the impression that defendant had inherited these pieces of furniture from a member of his family.
Eventually, the defendant was arrested and charged with receiving stolen goods. Miles gave a statement to the police in which he said that two people had brought the property in question to him for him to sell. He also admitted that he knew the property had been stolen.
Defendant contends on appeal that the trial court erred when it denied his motion for a mistrial based on the alleged prejudicial remarks of the prosecutor in the presence of the jury. While the jury venire was present in the courtroom, prior to the voir dire, the prosecutor requested an amendment of the bill of information to add the charge of theft.[2] The defense moved for a mistrial, which the court denied. The court, however, offered to admonish the prospective jury. The defense declined to avail himself of this remedy. The objection to the alleged prejudicial remarks of the prosecutor was not made by the defense until after selection of the jury and a recess by the court.
An objection to prejudicial remarks or conduct of the prosecutor must be contemporaneous. State v. Anderson, 333 So.2d 919 (La.1976). In the instant case, defense made no such contemporaneous objection. The complained-of error occurred before the voir dire; and defense waited until voir dire had been completed, the jury selected and a recess taken, before he complained. The contemporaneous objection rule exists, ■ not only so that a trial judge may correct the error at the time it is made, but it also serves notice in the record that the complained-of conduct was so noticeable as to create prejudice in the minds of those observing it, i.e., the trier of fact. Hence, we hold that the defense waived any right he may have had to a mistrial, because the objection he made was not contemporaneous with the conduct.
Secondly, and more importantly, the remark of the prosecutor was not so prejudicial as to preclude a fair trial. The trial judge, in giving his reasons for denying the mistrial, said while he did not consider it was ’proper to move to amend the bill of information in the presence of the jury panel, he did not believe that the panel would be so affected by the motion to amend as to preclude a fair trial. The judge offered to admonish the jury to disregard any technical procedures which may have occurred prior to the trial on the matter, and the defense declined the admonition remedy. It appears that the jury, at that particular stage of the trial, would not have noticed or assigned any significance to the prosecutor’s conduct before any of the members of the jury was actually chosen. In any event, the judge offered to admonish the jury (which was unacceptable to the defense). The decision not to grant *1070 a mistrial, but to offer an admonition is in the sound discretion of the trial judge, and is not to be reversed absent a clear abuse of that discretion. State v. Douglas, 389 So.2d 1263 (La.1980).
Moreover, the codal article making prejudicial remarks the basis of a mistrial, LSA-C.Cr.P. art. 770(2), expressly provides for a mistrial on the basis of remarks concerning another crime only where evidence of such crime would not be admissible. In the instant ease, evidence of an alleged theft would have been admissible since one of the elements of the crime of receiving stolen things is that the “anything of value” be the subject of “any robbery or theft.” LSA-R.S. 14:69 (prior to the 1982 amendment.)
Further, we observe that a mistrial is a drastic remedy, and is warranted only when the trial error results in such substantial prejudice that the defendant cannot receive a fair trial. State v. Harris, 383 So.2d 1 (La.1980). In the instant case, pri- or to any juror being chosen, the State moved to amend the bill of information. Discussion on the request was postponed by the court, and a recess taken. It was only after the recess that the prosecutor’s mentioning of such an amendment with the jury venire present in the courtroom was brought up by the defense as being prejudicial. The lateness of his request for a mistrial on those grounds, and the fact that the motion to amend was clearly not so prejudicial as to cause this defendant to be denied a fair trial lead us to the conclusion that this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 7(2): Objection as to Venue
In this assignment of error the defense contends that the State did not prove that the crime with which defendant was charged took place in East Baton Rouge Parish.
Under Article 611 of the Code of Criminal Procedure:
All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred.
The receiving of stolen things is:
... the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. LSA-R.S. 14:69 (prior to the 1982 amendment).
Under the Reporter’s Comment to LSA-R.S. 14:69 (now labeled the illegal possession of stolen things) it is noted that one of the elements of the crime is that the goods involved were in fact stolen (the subject of a robbery of theft). The items involved in the instant case were stolen from the residence of Mrs. Kelly, which is in Baton Rouge, East Baton Rouge Parish.
In his brief, the defense maintains that, because Mrs. Kelly did not say specifically she lived in Baton Rouge, there was insufficient evidence that the crime was committed in that city and parish. The record reflects that the witness, Maxine Marie Hanks, testified that she lived at 2029 Wisteria in Baton Rouge. She further testified that she lived some ten blocks from the victim Mrs. Kelly. The reasonable inference is that Mrs. Kelly resided in Baton Rouge. Moreover, Mrs. Kelly testified that the property under discussion was located at “221 Ogden”, which was her residence. Hence, the fact that the evidence establishes that the items were stolen from a Baton Rouge residence proves venue in Baton Rouge, East Baton Rouge Parish.
Furthermore, we note that the street names mentioned, particularly the addresses of the Kelly residence on Ogden and the antique shop on Highland Road, are well known and would be well known to any trier of fact in this parish. Moreover, the *1071 fact that the crime was investigated by the Baton Rouge Police Department was also a fact which the trier of fact could reasonably infer that the crime occurred in East Baton Rouge Parish.
Venue is a factual issue, which the prosecution must prove beyond a reasonable doubt. Our review of the evidence in the record, as discussed above, convinces us that the State, at trial, proved venue to be in East Baton Rouge Parish beyond a reasonable doubt. State v. Skipper, 387 So.2d 592 (La.1980). Consequently, we find this assignment to be without merit.
For the reasons assigned, we affirm the conviction and sentence of defendant, Lionel Miles.
AFFIRMED.

. Defendant had originally assigned nine errors as the basis of his appeal, but seven of the assignments of error were not briefed and are thus considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.

. After discussion with defense counsel and the trial judge, the prosecutor elected not to amend the bill of information.